# In the United States Court of Federal Claims

|  |  |
|---|---|
| MORRIS M. HARRIS<br>            Plaintiff,<br><br>      v.<br><br> THE UNITED STATES,<br><br>            Defendant. | No. 24-cv-327<br>(Filed:  Nov. 20, 2024) |

Sean Timmons, Tully Rinckey, PLLC, Sugarland, TX for Plaintiff.

Sean K. Griffin, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant. With him on the briefs was Major Nicole A. Oberjuerge, Litigation Attorney, U.S. Army Legal Services Agency.

## OPINION AND ORDER

Meriweather, Judge.

      Plaintiff, Morris M. Harris ("Mr. Harris"), a former serviceman in the United States Army Reserves ("USAR") Active Guard Reserve ("AGR") program, brings this action challenging his discharge from the Army and decisions by the Army Board for Correction of Military Records ("ABCMR").  Mr. Harris contends that the Army erroneously failed to refer him to a Medical Evaluation Board ("MEB") to assess whether he was eligible for separation by reason of medical disability, and that the ABCMR failed to correct the Army's errors or to adequately consider Mr. Harris's claims that he faced unjust reprisal.  The United States filed a Motion to Dismiss, ECF No. 6, for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Having reviewed the parties' briefs[1] and the relevant law, and for the reasons explained below, the Court **GRANTS** the United States' Motion to Dismiss for lack of subject matter jurisdiction.[2]

---

[1] This opinion is based on the following filings: Compl., ECF No.1; Def. Mot. to Dismiss, ECF No. 6 ("Mot."); Pl.'s Opp. to Mot. to Dismiss, ECF No. 11 ("Opp."); Exs. to Pl.'s Opp., ECF Nos. 11-1–11-3; Def.'s Reply in Opp. to Mot. to Dismiss, ECF No. 8 ("Reply"). Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is designated with an asterisk (e.g., *1), in which case the reference is to the pagination assigned by PACER/ECF.

[2] The United States alternatively argues that Mr. Harris fails to state a viable claim for

## BACKGROUND

Mr. Harris enlisted in the USAR in April 1998 and served in the Army Reserve, the Army, and then the AGR until he was formally discharged on May 6, 2011. *See* Compl. ¶¶ 15–26, 54. In May 2010, Mr. Harris admitted himself for inpatient mental health care and upon release scheduled several mandatory treatment appointments. *Id.* ¶ 28. Mr. Harris alleges that command then prohibited him from attending his appointments and denied him leave for further treatment. *Id.* ¶¶ 27, 29. Mr. Harris filed a "congressional" complaint, after which "multiple allegations of misconduct [were] lodged against him." *Id.* ¶ 31.

In June 2010, Mr. Harris's commander referred him for a mental health evaluation, during which the evaluating psychologist recommended ongoing counseling. *Id.* ¶¶ 33–34, 37. In August 2010, Mr. Harris received "a permanent physical profile for asthma and depression with anxiety" that allegedly mandated "a non-duty related [P]hysical [E]valuation [B]oard [("PEB")]" review. *Id.* ¶¶ 42–43. Mr. Harris alleges that the examining physician "neglected to assess Mr. Harris'[s] ability to meet retention standards . . . or to determine Mr. Harris'[s] need for further evaluation by a[] MEB and PEB," which he alleges was necessary at the time. *Id.* ¶¶ 44–46. On September 27, 2010, Mr. Harris was "notified of an initiation of separation." *Id.* ¶ 49. Mr. Harris alleges that an Administrative Separation Board then convened and recommended discharging him with an "Under Honorable Conditions (General) discharge, finding him unqualified for further military service based on his command's allegations of unsatisfactory performance." *Id.* ¶¶ 51–52. The Separation Authority approved the discharge, and Mr. Harris was discharged May 6, 2011. *Id.* ¶¶ 53–54.

In 2016, Mr. Harris came before this Court *pro se* to challenge his discharge, and the Court entered judgment in favor of the United States based on the administrative record. *Harris v. United States*, 135 Fed. Cl. 10 (2017) (*Harris I*). In *Harris I*, this Court considered three of Mr. Harris's applications to the ABCMR. Mr. Harris's first application challenged his discharge, and on July 11, 2013, the ABCMR concluded that the discharge was proper. *Id.* at 13. In his second and third applications, Mr. Harris asked the ABCMR to process his record through the Physical Disability Evaluation System ("PDES") and correct his record to reflect separation due to medical disability. *Id.* The ABCMR denied Mr. Harris's second application based on "the fact that Mr. Harris was medically cleared to return to duty, without limitation, despite prior medical issues." *Id.* On November 15, 2016, the ABCMR denied Mr. Harris's third and then-final application, explaining "that the reasons for separation were all based on behavior, and there was no evidence suggesting that a medical issue contributed to Mr. Harris's conduct at the time of separation." *Id.* at 14.

In the current suit, Mr. Harris seeks: (1) upgrading of his discharge, (2) voiding of his discharge and reinstatement, (3) back pay and allowances from May 6, 2011, (4) promotion to the rank of Sergeant First Class effective March 24, 2011, (5) processing through the Army

---

relief because his suit is claim- and issue-precluded by the Court's earlier decision upholding Mr. Harris's discharge and denying his claim for disability retirement in *Harris v. United States*, 135 Fed. Cl. 10 (2017). The Court declines to consider this alternative ground for dismissal because it lacks subject matter jurisdiction.

PDES, and (6) correction of his Certificate of Release or Discharge to show he was separated by reason of medical disability versus a pattern of misconduct.  Compl. ¶ 81(a).  Mr. Harris alleges that the ABCMR failed to properly address these issues when he filed two new applications with the ABCMR with new evidence after the conclusion of *Harris I*.  *See* Opp. at 1.  Mr. Harris claims the ABCMR denied his first application after considering the new evidence.  *Id.*; *see* Ex. 1 to Opp., ECF No. 11-1.  Then, the ABCMR allegedly "refused to reconsider [his second application] based on [his] new evidence" because he had exhausted his appeal options with the Board and the ABCMR suggested that he "seek relief in a court of appropriate jurisdiction."  *Id.* (quoting Ex. 2 to Opp., ECF No. 11-2).  Mr. Harris contends that the "'new' issue that was not raised in [his] prior petitions [is] that his medical issues should be reviewed by the Army Physical Disability Review Board."  *Id.* at 2.

## LEGAL STANDARD

When jurisdiction is challenged under Rule 12(b)(1), the "[p]laintiff bears the burden of establishing jurisdiction by a preponderance of the evidence."  *Park Prop. Assocs., L.P. v. United States*, 916 F.3d 998, 1002 (Fed. Cir. 2019).  The "court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff."  *Acevedo v. United States*, 824 F.3d 1365, 1368 (Fed. Cir. 2016) (quoting *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011)).  "If the court has doubts regarding jurisdiction, it may look at all the evidence presented to satisfy itself regarding the jurisdictional facts.  Indeed, the court may, and often must, find facts on its own."  *Martinez v. United States*, 48 Fed. Cl. 851, 857 (2001), *aff'd in part*, 281 F.3d 1376 (Fed. Cir. 2002) (citing *RHI Holdings, Inc. v. United States,* 142 F.3d 1459, 1461–62 (Fed. Cir. 1998)).  The Court may consider public records including "cases of public record in which [plaintiff] was a litigant."  *Jarvis v. United States*, No. 2022-1006, 2022 WL 1009728 at *3 (Fed. Cir. Apr. 5, 2022).

## DISCUSSION

### I.   The Court Lacks Subject Matter Jurisdiction.

For the Court to have jurisdiction, a claim against the United States must be "filed within six years after such claim first accrues."  28 U.S.C. § 2501.  "In a military discharge case, . . . the plaintiff's cause of action for back pay accrues at the time of the plaintiff's discharge."  *Martinez v. United States*, 333 F.3d 1295, 1303 (Fed. Cir. 2003).  Claims for disability retirement pay, however, accrue upon issuance of "[t]he decision by the first statutorily authorized board that hears or refuses to hear the claim."  *Chambers v. United States*, 417 F.3d 1218, 1224 (Fed. Cir. 2005).

The United States contends that Mr. Harris's claims regarding his discharge are time-barred and should therefore be dismissed for lack of subject matter jurisdiction.  The United States argues that because Mr. Harris was discharged in May 2011 and the ABCMR took final action on his first disability retirement claim in 2014, the six-year statute of limitations has lapsed.  Mr. Harris counters that neither claim accrued until the ABCMR took final action on his most recent

application in 2022, and alternatively asserts that the Court should equitably toll the statute of limitations until that date.  *See* Opp. at 5.

Mr. Harris's recent applications to the ABCMR have no bearing on the accrual of either claim.  The Federal Circuit and this Court "have frequently addressed and rejected the argument that the cause of action for unlawful discharge does not accrue until the service member seeks relief from a correction board and the correction board enters a final decision denying relief." *Martinez*, 333 F.3d at 1304.  Accordingly, Mr. Harris's discharge claim accrued on his date of discharge.  *See id; Chambers*, 417 F.3d at 1224.  The ABCMR's adjudication of a disability retirement claim is relevant to the accrual of that specific claim; but that clock started when the ABCMR denied Mr. Harris's first application seeking discharge due to medical disability in June 2014.  *Harris I*, 135 Fed. Cl. at 13; *see Chambers*, 417 F.3d at 1218, 1224–1227.

Given the dates of accrual, Mr. Harris's claims are both plainly barred by the Court's statute of limitations.  His discharge claim accrued at the time of his discharge in 2011, and his disability retirement claim accrued when the ABCMR first denied that claim in 2014.  *Harris I*, 135 Fed. Cl. at 13.  He filed this action on March 1, 2024, several years after the six-year limitations period expired.  *See* Compl.

Mr. Harris asks the Court to excuse the untimeliness of his claims and equitably toll the limitations period.  That argument fails because "[t]he statute of limitations applicable to Tucker Act claims, 28 U.S.C. § 2501, is jurisdictional and not susceptible to equitable tolling." *Young v. United States*, 529 F.3d 1380, 1384 (Fed. Cir. 2008); *see also John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008) (noting that the Supreme Court "has long interpreted the court of claims limitations statute" as jurisdictional, setting forth a "more absolute, kind of limitations period").

Mr. Harris urges the Court to re-examine the jurisdictional nature of the statute of limitations following the Supreme Court's decisions in *Boechler v. Commissioner of Internal Revenue*, 596 U.S. 199 (2022) and *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015).  In *Boechler* and *Kwai Fun Wong*, the Supreme Court ruled that the statutes of limitations for appeals to the Tax Court and claims under the Federal Tort Claims Act are not jurisdictional because the relevant statutes did not "plainly show that Congress imbued a procedural bar with jurisdictional consequences." *Boechler,* 596 U.S. at 203 (quoting *Kwai Fun Wong*, 575 at 410 (2015)).  Mr. Harris argues that the limitations period governing Tucker Act claims in this Court should not be deemed jurisdictional because the statutory language "mandates a non-jurisdictional reading: the court must first have jurisdiction over a claim before it can be time barred by the statute." Opp. at 4.  Mr. Harris's argument is contrary to decades of controlling precedent treating the Tucker Act's statute of limitations as jurisdictional.  Indeed, in *Kwai Fun Wong* itself, the Supreme Court specifically distinguished the Tucker Act from other statutes, stating "twice we made clear that the jurisdictional status of the Tucker Act's time bar has precious little to do with its phrasing," rather, it is a matter of stare decisis based on "a definitive earlier interpretation." 575 U.S. at 415–16 (quoting *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 138 (2008)).  This Court lacks the authority to disregard that binding precedent and therefore cannot equitably toll the limitations period applicable to Mr. Harris's claims.  Accordingly, his complaint must be dismissed for lack of subject matter jurisdiction.  *See* RCFC 12(h).

**II.    Neither Transfer nor Remand Is Appropriate.**

Mr. Harris argues that if the Court lacks jurisdiction, it is appropriate to transfer this case to a U.S. District Court "for amendment and litigation under the Administrative Procedure Act" ("APA") or remand this case to the ABCMR. Opp. at 6–8. The United States disagrees, arguing that Mr. Harris does not plead an APA claim, a district court would lack jurisdiction over an APA claim, and the Court cannot remand the case because it is not within the Court's subject matter jurisdiction. *See* Reply at 8–11.

Mr. Harris asserts in his Reply that a district court has the power to grant him relief under the APA because the ABCMR's 2022 decision constitutes a "final agency action." Opp. at 6. Plaintiffs may challenge civilian review board's administrative decisions in federal district courts pursuant to the Administrative Procedure Act. *See Schmidt v. United States*, 89 Fed. Cl. 111, 125 (2009). But unlike the plaintiff in *Schmidt*, Mr. Harris did not state an APA claim in his complaint. *See* Compl. ¶ 11 (citing 37 U.S.C. § 204(a) (Military Pay Act); 10 U.S.C. § 6333 (retired pay schedule); 10 U.S.C. § 1463 (retired pay fund); 10 U.S.C. § 1201 (Medical Disability Retirement); and 10 U.S.C. § 1074 (medical and dental expenses)); *compare Schmidt*, 89 Fed. Cl. at 124 (noting that "plaintiff claims that defendant violated the Administrative Procedure Act" and challenged validity of an agency regulation). He seeks only monetary relief, namely "military pay and allowances in excess of $1,000,000.00." Compl. ¶ 12. That is not the type of equitable relief that falls within the scope of APA jurisdiction. *See* 5 U.S.C. § 702 (granting jurisdiction if a person "seek[s] relief other than money damages"). Accordingly, there is no APA claim that the Court could transfer to a district court.

Mr. Harris also asks the Court to stay proceedings and remand this matter to the ABCMR to reconsider Mr. Harris's most recent application. Opp. at 8. The Court may "remand appropriate matters to any administrative or executive body or official," but that power is limited to "any case within its jurisdiction." 28 U.S.C. § 1491(a)(2); RCFC 52.2(a)(1). Because the Court lacks subject matter jurisdiction over Mr. Harris's untimely claim, it cannot remand this matter to the ABCMR.

## CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction because Mr. Harris's claims are time-barred. The Court hereby **GRANTS** the United States' Motion to Dismiss, ECF No. 6, pursuant to RCFC 12(b)(1). The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED.**

*/s/Robin M. Meriweather*
ROBIN M. MERIWEATHER
Judge